HAMITER, Justice.
The Legislature of 1954, by Act No. 363, appropriated the sum of $897,465.72 to pay a claim of the Jefferson Lake Sulphur Company against the State of Louisiana, the validity of which had been judicially recognized by a decision of this court, Jefferson Lake Sulphur Co. v. State, 213 La. 1, 34 So.2d 331. One-half of the mentioned amount was payable in 1954 and the remainder in 1955.
During the afternoon of July 28, 1954 the claimant filed a formal request for the 1954 payment with the State Auditor and the State Treasurer (the Honorable Allison R. Kolb and the Honorable A. P. Tugwell, respectively), but these officials refused compliance because of the pendency of suit No. 50,424, on the docket of the Nineteenth Judicial District Court for East Baton Rouge Parish, styled James A. McCurnin, *509 Sr. v. Allison R. Kolb et al. In that proceeding the plaintiff, allegedly a taxpayer, had attacked Act 363 of 1954 as being unconstitutional and otherwise illegal, and he was seeking to prevent payment thereunder. However, at no time had he been granted a restraining order or other injunctive relief.
Following the refusals the Jefferson Lake Sulphur Company instituted this mandamus proceeding against such officials. In their answer they admitted that the general fund of the treasury contained an amount sufficient to pay the requested portion of the appropriation; and they pleaded, in justification of the refusals and as their sole defense, the pendency of the McCurnin suit.
James A.. McCurnin, Sr., plaintiff in the other proceeding, intervened in this cause, uniting with the defendants and alleging only that mandamus will not lie for the reason that under the terms of the appropriation act such officials have the discretion of making payment at any time during the remainder of the calendar year 1954. In other words the intervenor, without assailing in his petition of intervention the validity of the appropriation, merely pleaded prematurity of the mandamus suit.
After a hearing the district court rendered a judgment in favor of plaintiff, making peremptory the alternative writs of mandamus theretofore issued. Further, it decreed a dismissal of the petition of intervention filed by James A. McCurnin, Sr.
Defendants requested and obtained suspensive appeals. The intervenor has not appealed and, hence, his plea of prematurity is not before us for consideration.
In this court appellants concede, as they must, that mandamus is the proper remedy for the enforcement of plaintiff’s rights, the Legislature having “authorized and directed’’ them to make payment of the appropriated sums (a purely ministerial duty which they have refused to perform) and the writ of mandamus being available, according to Code of Practice Article 834, for the purpose of compelling public officials “to fulfill any of the duties attached to their office, or which may be legally required of them.”
 Their resistance to this action is wholly prompted by the belief and predicated on the contention that a compliance with Act 363 of 1954 should be withheld until after a final judicial determination of the pending McCurnin suit in which the legality of the appropriation is questioned. But in support of their position no authority is cited, and we are aware of none. On the other hand, it is important to notice, this plaintiff is not a party to the McCurnin suit, the allegations of illegality made in that cause are not also made herein, and these defendants have in no manner been judicially restrained from performing their ministerial duty. Under these circumstances we must hold that the issuance of the writ of mandamus was not error.
*511 For the reasons assigned the judgment appealed from is affirmed.
PONDER, J., absent.
McCALEB, J., recused.